**Simone SCOZZARI, Appellant,**

v.

**George K. ROSENBERG, District Director Immigration and Naturalization Service, Los Angeles, California, Appellee.**

**No. 17349.**

United States Court of Appeals
Ninth Circuit.

Jan. 26, 1962.

Certiorari Denied May 21, 1962.
See 82 S.Ct. 1158.

G. Vernon Brumbaugh, and Jackson & Hertogs, San Francisco, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Division, and James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

CHAMBERS, Circuit Judge.

Scozzari, a citizen of Italy, came into the United States as a stowaway on a boat in 1923. He seems to have been free of problems with the Immigration Service until 1958 when administrative proceedings were commenced on his deportability. Such proceedings were concluded in 1959. The order was that he be deported. Merged into the proceedings was an application to create a record of Admission for Permanent Residence under Section 249* of the Immigration and Nationality Act. This application was denied on the ground that Scozzari had failed to establish that he was a person of good moral character.

Administrative proceedings exhausted, Scozzari sought a review by declaratory judgment in the United States District Court for the Southern District of California. There the trial judge after an examination of the immigration file, granted a motion for summary judgment.

In its findings and conclusions, the court found that there was reasonable, substantial and probative evidence to support the administrative finding that Scozzari had failed to establish he is a person of good moral character, a prerequisite for the grace of Section 249. It was further found that the administrative determinations were not arbitrary, capricious and that there was no abuse of discretion.

On appeal, we agree.

Segregating each facet of appellant's record in this country and inspecting it might lead one to think perhaps that the immigration authorities were unduly strict. But the totality of the record would indicate that the denial of the

---

* Section 249 of the Immigration and Nationality Act, 66 Stat. 219, as amended by Public Law 85-616, 72 Stat. 546, 8 U.S.C.A. § 1259.

grace of the statute was eminently proper, assuming that a determination under Section 249 is subject to full review. (This we do not decide.) The government's evidence was sufficient as a basis for denial. And, the evasiveness and improbability of some of appellant's answers under oath at one of the hearings are something that even an appellate court can see.

Appellant asserts a lack of due process. We find none.

Judgment affirmed.